IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| DOMINIC D. MILLER | § | |
| VS. | § | CIVIL ACTION NO. 2:20cv390 |
| DAVID McKNIGHT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Dominic D. Miller, a prisoner confined at the Hutchins Unit proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

For reasons explained below, moreover, the Court recommends that Plaintiff's claims be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

**I. Miller's Amended Complaint**

The operative pleading in this lawsuit is Miller's amended complaint, (Dkt. #10). He sues former Sheriff McKnight, Officer Carroll, and the Jefferson Jimplecute newspaper for running "a story about a rape charge on [him] that never happened," (Dkt. #10, pg. 3). He also claims that Defendant McKnight "at the time he was Sheriff [] was trying to get a rape kit [done] that never happened," and Defendant Carroll messaged his "ex girlfriend trying to set [him] up." *Id*. at pg. 2.

Miller elaborates by noting that in November 2019, he was "notified" by his "child's mother" that his name was in the newspaper for a sexual assault charge that did not occur. The newspaper explained that he had been charged with "such crime that never happened." Miller states that he possesses a "USB card admitting" that he did not commit the assault because they

1

"were in a committed relationship at the time." *Id*. at pg. 4. He insists that Defendants McKnight and Carroll "lead her on"—seeking compensation for pain and suffering. Miller also seeks his record "dropped." *Id*.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather,

the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

**III. Discussion and Analysis**

Miller's amended complaint fails to state a claim upon which relief may be granted. A civil rights plaintiff must allege a deprivation of a federally protected right in order to establish a *prima facie* case. *See Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to constitutional violations. *Baker*, 443 U.S. at 146.

Claims such as slander, libel, defamation, and malicious prosecution—however—are matters which the state protects by state law. *See Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988); *see also Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980) ("Appellants' interest with reputation, false arrest, malicious prosecution, libel, and slander are matters which the State protects by virtue of tort law, providing a forum for those interests by means of damage actions."); *Stuart v. Prince*, 2015 WL 10488076 *1 (E.D. Tex. Dec. 7, 2015) ("Thus, libel and slander are not cognizable in a civil rights action under 42 U.S.C. § 1983 because a defamation claim does not

involve the deprivation of any rights, privileges or immunities secured by the Constitution or laws of the United States."); *Castille v. Bowles*, 687 F.Supp. 277, 282 (N.D. Tex. 1988) (finding that prisoner's claim of defamation by prison guards who said "bad things" about him while in court alleged only harm to his reputation, which was not protected by the Constitution).

Here, Miller claims that the Defendants provided information—or spread rumors—about a false sexual assault charge. He maintains that he was "set up" with the false information. To the extent that Miller is suing Defendants based on any theory regarding his character or reputation, such claim necessarily fails. Injury to one's personal reputation alone does not give rise to section 1983 liability. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). Moreover, there is no indication that the Jefferson Jimplecute is a state actor for purposes of section 1983. *See Griggs v. Sun*, 2003 WL 21649965 *2 (N.D. Tex. March 31, 2003) (unpublished) ("The Corsicana Sun is a private newspaper and not a state actor. Consequently, plaintiff is not entitled to relief under 42 U.S.C.§ 1983."). Because claims of defamation, slander, and libel are not cognizable under section 1983, Miller's amended complaint should be dismissed.

## RECOMMENDATION

For these reasons, it is recommended that the above-styled civil action be dismissed, with prejudice, as both frivolous and for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 28th day of January, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE